UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTHEA MILLER,

Plaintiff,

- against -

MANDEVILLES BISTRO INC., and DONOVAN FOLKES, individually,

Defendants.

**Case No.: 17-cv-5423**

**COMPLAINT**

The Plaintiff, by her attorneys, Virginia & Ambinder, allege upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 207; New York Labor Law § 190 *et seq.*; New York Labor Law (hereinafter referred to as "NYLL") §§ 663 and 650 *et seq.*; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146 *et seq.* to recover all unpaid minimum wages, overtime wages, spread of hours compensation, and damages arising from record-keeping violations owed to Plaintiff Althea Miller (hereinafter referred to as the "Plaintiff") under the FLSA and NYLL, by Defendant Mandevilles Bistro Inc. (hereinafter referred to as "Corporate Defendant"), and Donovan Folkes, individually (hereinafter collectively referred to as "Defendants").

2.      Defendants have engaged in a policy and practice of failing to pay minimum wages, overtimes wages, spread of hours compensation, and failing to provide wage notices and statements, as required by applicable federal and state law.

1

3.      Under the direction of Corporate Defendant's owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving Plaintiff of compensation for work performed as mandated by federal and state law.

## JURISDICTION

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

5.      Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

6.      Plaintiff Althea Miller is an individual who resides in the state of New York, and who formerly worked for Defendants as a cashier and behind-the-counter server from approximately September 8, 2015 to October 22, 2016.

7.      Upon information and belief, Defendant Mandevilles Bistro Inc. is a business located at 944 Flatbush Ave, Brooklyn, NY 11226, and is engaged in the restaurant business.

8.      Upon information and belief, Defendant Donovan Folkes is a resident of 425 East 26th Street, Brooklyn, NY 11226, and is/or at all relevant times was, an officer, director, president, vice president, and/or owner of Corporate Defendant.

## FACTS

9.      From approximately September 8, 2015 to October 22, 2016, Defendants employed Plaintiff at Defendants' restaurant to perform work as a counter-server and cashier,

and in other job functions related to Defendants' restaurant operation.

10.      Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Corporate Defendant constitutes an "enterprise engaged in commerce."

11.      Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

12.      Upon information and belief, the Plaintiff constituted an "employee," as that term is defined under 29 U.S.C. § 203(e) and case law interpreting the same.

13.      While working for Defendants, Plaintiff was regularly required to perform work for Defendants, without receiving minimum wage or overtime compensation as required by applicable federal and state law.

14.      Plaintiff worked for Defendants as a cashier and behind-the-counter server from approximately September 8, 2015 to October 22, 2016.

15.      While working for Defendants, Plaintiff normally worked 6 days per week.

16.      Plaintiff was scheduled to work from approximately 12:00 p.m. until 10:00 p.m., with one half-hour lunch break. However, Plaintiff regularly worked until 11:30 p.m. or 12:00 a.m. because she was required to clean up the restaurant after closing time.

17.      Plaintiff was paid at a flat rate of $400.00 per week, in cash.

18.      Beginning in approximately August 2016, Plaintiff was paid a flat rate of approximately $450.00 per week, in cash.

19.      Occasionally, Plaintiff received approximately $30.00 to $40.00 per week from the tip jar.

20.      Plaintiff did not receive minimum wages.

21.      Plaintiff did not receive overtime at time and one-half the regular hourly wage

3

for all the hours over 40 that she worked.

22.      Plaintiff was regularly required to work ten (10) hours per day or more for Defendants, without receiving spread of hours compensation.

23.      Further, throughout Plaintiff's employment, Defendants failed to provide her with an accurate wage statement with every payment of wages, containing information such as dates of work, rates of pay for regular and overtime hours, and number of regular and overtime hours worked.

24.      Upon information and belief, Defendant Folkes is or was an officer, director, shareholder, and/or president or vice president of the Corporate Defendant, and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

25.      Upon information and belief, Defendant Folkes dominated the day-to-day operating decisions of Corporate Defendant, made major personnel decisions for Corporate Defendant, and had complete control of the alleged activities of Corporate Defendant that give rise to the claims brought herein.

26.      Upon information and belief, Defendant Folkes is or was a supervisor, officer and/or agent of Corporate Defendant, who acted directly or indirectly in the interest of Corporate Defendant, and is or was an employer within the meaning of the Fair Labor Standards Act.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**FLSA OVERTIME COMPENSATION**

27.      Plaintiff repeats and re-alleges the allegations set forth in above.

28.      Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no

4

employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

30.     Plaintiff was an employee, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

31.     Defendants constitute "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA. § 203(d).

32.     Defendants failed to pay Plaintiff all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which she worked after the first forty (40) hours in any given week.

33.     Upon information and belief, the failure of Defendants to pay Plaintiff her rightfully owed overtime compensation was willful.

34.     By the foregoing reasons, Defendants violated 29 U.S.C. § 207, and are liable to the Plaintiff in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## FLSA MINIMUM WAGE

35.     Plaintiff repeats and re-alleges the allegations set forth in above.

36.     Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods

for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

37.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

38.     Defendants constitute employers within the meaning contemplated in 29 U.S.C. § 203(d).

39.     Plaintiff constitutes an employee within the meaning contemplated in 29 U.S.C. § 203(e).

40.     Defendants violated 29 U.S.C. § 206 by failing to pay Plaintiff all minimum wages for hours worked in any given week.

41.     Upon information and belief, Defendants' failure to Plaintiff minimum wages was willful.

42.     By the foregoing reasons, Defendants violated 29 U.S.C. § 206, and are liable to Plaintiff in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### NEW YORK OVERTIME COMPENSATION

43.     Plaintiff repeats and re-alleges the allegations set forth in above.

44.     Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee

6

for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek…."

45.      Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

46.      As a person employed for hire by Defendants, Plaintiff is an "employee," as understood in Labor Law § 651 and case law interpreting the same.

47.      Defendants are "employers" within the meaning of § 651.

48.      Plaintiff worked more than forty hours per week while working for Defendants.

49.      Plaintiff did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

50.      Consequently, by failing to pay Plaintiff overtime compensation, Defendants violated New York Labor Law §§ 650 *et seq*., and 663; and 12 NYCRR § 146-1.4.

51.      Upon information and belief, Defendants' failure to pay Plaintiff overtime compensation was willful.

52.      By the foregoing reasons, Defendants violated NYLL §§ 650 *et seq*. and 663; and 12 NYCRR § 146-1.4, and are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, damages, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## NEW YORK MINIMUM WAGE

53.      Plaintiff repeats and re-alleges the allegations set forth in above.

54.      Title 12 NYCRR § 146-1.2 requires that "(a) The basic minimum hourly wage rate shall be . . . (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after

7

December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015….”

55.     New York Labor Law § 663, provides that, “[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney’s fees.”

56.     Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.,* and the cases interpreting same, Defendants are “employers.”

57.     As a person employed for hire by Defendants, Plaintiff is an “employee,” as understood in Labor Law § 651.

58.     At all relevant times Defendants failed to pay Plaintiff minimum wages for all hours worked, in violation of Title 12 NYCRR § 146-1.2 and Labor Law § 663.

59.     Upon information and belief, Defendants’ failure to pay Plaintiff minimum wages was willful.

60.     By the foregoing reasons, Defendants have violated Title 12 NYCRR § 146-1.2 and Labor Law § 663, and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, damages, attorneys’ fees and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
## <u>NEW YORK SPREAD OF HOURS</u>

61.     Plaintiff repeats and re-alleges the allegations set forth in above.

62.     Title 12 NYCRR § 146-1.6 requires that “[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate.”

63.     Plaintiff worked more than 10 hours in a day.

64.     Defendants did not pay Plaintiff an additional hour's pay when she worked more than 10 hours in a day. Consequently, by failing to pay to Plaintiff an additional hour's pay when she worked more than 10 hours in a day, Defendants violated 12 NYCRR § 146-1.6.

65.     Upon information and belief, Defendants' failure to pay "spread of hours" compensation for work performed by Plaintiff after 10 hours in a day was willful.

66.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6, and are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### NEW YORK § 195(1) WAGE NOTICE VIOLATION

67.     Plaintiff repeats and re-alleges the allegations set forth in above.

68.     Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

69.     Prior to February 2015, Section 195(1) also required an employer to provide a wage notice to its employees on or before February first of each year.

70.     Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

71.     Prior to February 2015, the maximum recovery under Section 198-(b) for a §
195(1) violation was $2,500.

72.     During Plaintiff's employment, Defendants did not provide Plaintiff with a
wage notification informing Plaintiff of, among other things, (1) her regular rate of pay, (2) her
overtime rate of pay, (3) the basis of her rate of pay (e.g., whether she was an hourly employee),
or (4) the regular pay day designated by Defendants.

73.     Defendants violated NYLL § 195(1) by failing to provide Plaintiff with wage
notifications containing the information required by NYLL § 195, *et seq*.

74.     Upon information and belief, Defendants' failure to provide Plaintiff with
wage notifications in violation of NYLL § 195 was willful.

75.     By the foregoing reasons, Defendants have violated NYLL § 195(1), and are
liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest,
attorneys' fees, and costs.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### NEW YORK § 195(3) WAGE STATEMENT VIOLATION

76.     Plaintiff repeats and re-alleges the allegations set forth in above.

77.     Pursuant to Section 195(3) of the NYLL, an employer is required to furnish
each employee with a statement with every payment of wages that identifies, among other things,
whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in
another manner. For employees that are not exempt from overtime compensation under New
York state law or regulation, such wage statement must also include "the regular hourly rate or
rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the
number of overtime hours worked."

78.     Pursuant to Section 198-1(d) of the NYLL, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

79.     Plaintiff did not receive any wage statements from the Defendants during her employment.

80.     Defendants violated NYLL § 195(3) by failing to provide Plaintiff with wage statements containing the information required by NYLL § 195(3).

81.     Upon information and belief, Defendants' failure to provide Plaintiff with wage statements in violation of NYLL § 195 was willful.

82.     By the foregoing reasons, Defendants have violated NYLL § 195(3), and are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1)     on her first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2)     on her second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)     on her third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the NYLL in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(4)     on her fourth cause of action against Defendants, in an amount to be determined

at trial, plus liquidated damages as permitted under the NYLL in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(5)     on her fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the NYLL in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(6)     on her sixth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the NYLL in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(7)     on her seventh cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the NYLL in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs; and

(8)     any other and further relief the Court may deem just and proper.

Dated: New York, New York
      July 18, 2017

**VIRGINIA & AMBINDER, LLP**

By:  __/s/Lloyd R. Ambinder___
    Lloyd R. Ambinder
    Michele A. Moreno
    40 Broad Street, 7th Floor
    *New York, New York 10004*
    Tel: 212-943-9080
    Fax: 212-943-9082
    mmoreno@vandallp.com

    *Attorneys for Plaintiff*

12